■ JULIUS L. SCHAPIRA, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— HERLIHY, P. J. Appeal by the defendant from an order of the Supreme Court at Special Term, entered May 22, 1969 in New York County, which granted a motion by respondent for summary judgment, and from the judgment entered thereon. The appeal in this case was transferred by the Appellate Division, First Department to this court. The respondent has been an employee of the Appellate Division, First Department since September 1, 1959. From September, 1959 through 1965 he was enrolled as an insured in the group contract for medical insurance furnished by the appellant to the State in Master Group Policy No. 18250-G. Subparagraph 3 of article V of this policy as applicable to the present case provides as follows: " 3. *Maximum Aggregate Benefit.*— The aggregate benefits payable under the Group Policy with respect to all expenses incurred on account of an Employee or on account of a Dependent, regardless of the capacity or capacities in which such person may be insured from time to time shall not exceed a Maximum Aggregate Benefit of $20,000 ". Prior to July 1, 1966, the effective date of chapter 916 of the Laws of 1966, the respondent's salary was paid by the City of New York and effective January 1, 1966 he canceled his membership in the State's group medical insurance plan and enrolled in a different group plan between the city and the appellant. At the time the respondent left the coverage of Group Policy No. 18250-G, he had received some $14,000 in benefits on behalf of his dependent wife. Chapter 916 of the Laws of 1966 removed the respondent from the payroll of the city and he was no longer entitled to be enrolled in the city plan,

except that it appears that under the city policy he was entitled to remain enrolled for 18 months after the loss of his right to membership therein. The respondent sought advice as to what effect, if any, there would be on his right to benefits for his wife arising from again enrolling in the State plan (Group Policy No. 18250-G) and after apparently receiving various assurances as to her coverage, he applied for membership in the State plan and was accepted in August of 1966. The complaint alleges that from August of 1966 until September of 1967 he received or appellant paid as benefits on behalf of his dependent wife some $6,000 and that appellant refused to pay further benefits on behalf of the dependent since it had expended the maximum coverage of $20,000 as referred to hereinabove. The record establishes that appellant has paid $20,000 in benefits on behalf of the dependent wife while she was covered by policy No. 18250-G. There is set forth the maximum coverage provisions quoted hereinabove in the complaint and also other provisions of the policy dealing with the effective dates of " personal insurance " and/or " dependent insurance ". His motion for summary judgment was based upon the theory that when he received coverage in August of 1966 it was a " new " coverage and that therefore, the amounts paid on behalf of his dependent wife prior to January 1, 1966 when he terminated his prior coverage could not be considered as being within the maximum coverage provisions. The appellant in opposition to the motion for summary judgment appeared to contend that the maximum coverage provision on its face limits benefits on behalf of an individual to $20,000 regardless of the continuity of coverage under the plan and that the policy never terminated because this was a group policy with the State and the insurance company as contracting parties. Special Term held that the policy was canceled as to plaintiff and that upon his re-entry into the plan there was a *new policy* and accordingly, a new maximum benefit to be computed from the date of re-entry. Generally, the group policy neither ends nor becomes a new contract of insurance as individual members terminate coverage or are accepted for coverage and the language of the maximum benefit clause sheds no light on the contractual relationship between the respondent and the appellant. Considering the respondent to be merely a third party beneficiary of the policy, the clause would prohibit payment of more than $20,000 regardless of continuity of coverage and without ambiguity. The appellant concedes that there are questions of fact as to the effect of the maximum benefit coverage and upon the present record, the respondent has not so established his contractual relationship with appellant as to permit the finding of a new maximum benefit as a matter of law as of August of 1966. The respondent in his affidavit of March 26, 1969 makes reference to " factual statements ". In accordance with the foregoing opinion, we do not pass upon the merits of this controversy. Judgment and order reversed, on the law, without costs, and motion denied. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.